IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00360-GPG

LEILA McCOY,

    Plaintiff,

v.

DR. LYNETTE D. CORNELIUS, Individual and Professional Capacities,
EL PASO COUNTY, COLORADO, and
CO. OFC. ADMINISTRATIVE COURTS,

    Defendants.

---

## ORDER DISMISSING CASE

---

    Plaintiff currently resides in Colorado Springs, Colorado.  She initiated this action on February 20, 2015, by filing a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On February 23, 2015, Magistrate Judge Gordon P. Gallagher entered an order that directed Plaintiff to submit her request to proceed pursuant to § 1915 on a proper Court-approved form, which is titled, "Application to Proceed in District Court Without Prepaying Fees or Costs."  On the same day Magistrate Judge Gallagher issued the cure order, Plaintiff again filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff now has failed to cure the noted deficiency within the time allowed.

    On March 4, 2015, Plaintiff submitted a Motion to Dismiss Without Prejudice, ECF No. 6.  Plaintiff requests dismissal because she has found an attorney to assist her with submitting the correct forms to the Court.  Plaintiff contends that she does not have access to a law library or the resources to pay for Lexis®, which is accessible for the

blind or vision impaired. Plaintiff further asserts that all motions for reasonable accommodation and for appointment of pro bono counsel to assist her have been denied forcing her to pay for legal services. Plaintiff also asserts that many of the District of Colorado forms are not accessible with a screen reader for the blind, which is available at her local library on a very limited basis.

The Court will construe the Motion as a Voluntary Notice of Dismissal and dismiss the action for the following reasons.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Defendant has not filed an answer in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The case, therefore, will be closed as of March 4, 2015, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.

The Court, however, notes that Plaintiff has not been denied any request for reasonable accommodation in this case or in any of the four other cases she has filed in this Court since January 5, 2015. *See McCoy v. Antioch Missionary Baptist Inc., et al.*, No. 15-cv-00238-GPG (D. Colo. Filed Feb. 4, 2015); *McCoy v. Kennedy*, No. 15-cv-00113-GPG (D. Colo. Filed Jan. 16, 2015); *McCoy v. Colo. Dep't of Human Serv., et al.*, No. 15-cv-00021-GPG (D. Colo. Filed Jan. 5, 2015); *McCoy v. Colo. Springs Police Dep't, et al.*, No. 15-cv-00018-GPG (D. Colo. Filed Jan. 5, 2015).

In response to Plaintiff's first request for permission to utilize electronic case filing, the Court denied the request as improper, but instructed Plaintiff to the Court's website to complete the proper form to register for ECF Account-Pro Se. *See* Case No. 15-cv-00018-GPG, ECF No. 8. When Plaintiff then submitted the proper form to register for an account on January 26, 2015, in Case Nos. 15-cv-00018-GPG and 15-cv-00021-GPG, the District of Colorado Case Management/Electronic Case Filing (CM/ECF) Team contacted her on January 27, 2015, to inquire about the capabilities of her computer and how training could be facilitated. Per the Team, Plaintiff indicated she has limited access to the public library computer in Colorado Springs, but the computer has a reader function/software program. The CM/ECF Team agreed to attempt to make all accommodations possible for Plaintiff with the reader/software programs she has available. Local Rules and CM/ECF rules were emailed to Plaintiff by the Team for review prior to CM/ECF training. Plaintiff was directed to provide a telephone number where she could be reached so that she could participate in the CM/ECF training, which was scheduled for February 4, 2015. Plaintiff failed to provide a telephone number or inform the Team whether she intended to participate in the training. As of the date of this Order, Plaintiff has not communicated with the Court or the CM/ECF Team regarding the Court's available efforts to accommodate her.

The Court further notes that Plaintiff has not requested pro bono counsel in this case. The only case in which she did request counsel is Case No. 15-cv-00021-GPG, ECF Nos. 6 and 7. The request was denied as premature, Case No. 15-cv-00021-GPG, ECF No. 12, because Case No. 15-cv-00021-GPG is pending initial review pursuant to 28 U.S.C. § 1915 and D.C.COLO.LCivR 8.1(a).

Finally, the Court notes that not until Plaintiff submitted the Notice of Voluntary Dismissal did she inform the Court that she was having problems obtaining the correct form for seeking leave to proceed in this case without payments of fees and costs. In fact, in Case No. 15-cv-00018-GPG, ECF No. 6, filed on January 15, 2015, and in Case No. 15-cv-00021-GPG, ECF Nos. 4 and 11, filed on January 5 and 15, 2015, she was able to file the correct forms.

Nonetheless, pursuant to Plaintiff's request, the Court will close the case as of March 4, 2015. Accordingly, it is

ORDERED that the Voluntary Notice of Dismissal, ECF No. 6, is effective as of March 4, 2015, the date Plaintiff filed the Notice in this action. It is

FURTHER ORDERED that the Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this __6th__ day of __March__, 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court